FILED'05 JUL 28 14:49USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD M. SEVERY,

        Petitioner,

v.

BRIAN BELLEQUE,

        Respondent.

CV. 05-913-PA

ORDER TO DISMISS

PANNER, District Judge.

On June 22, 2005, petitioner filed this 28 U.S.C. § 2254 habeas corpus action in which he attempts to challenge his underlying convictions for Aggravated Murder and Arson in the First Degree. The court notes that petitioner previously challenged these convictions in a § 2254 proceeding in <u>Severy v. Thompson</u>, CV. 95-1111-AS. That decision was affirmed by the Ninth Circuit in an unpublished decision. 168 F.3d 501, 1999 WL 97359 (9th Cir.(Or.)).

There are strict limitations imposed on the filing of successive habeas corpus petitions in federal court. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

1 - ORDER TO DISMISS

court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(2)(3)(A). The Ninth Circuit has held that the Anti-Terrorism and Effective Death Penalty Act's provisions governing second or successive petitions apply to a new petition filed after the date of AEDPA's enactment, even if the original petition was filed before its 1996 enactment. United States v. Villa-Conzalez, 208 F.3d 1160, 1164-63 (9th Cir. 2000). Accordingly, petitioner may not bring this action without first obtaining the prior approval of the Ninth Circuit.

Petitioner also appears to raise a claim regarding a decision by the Oregon Board of Parole and Post-Prison Supervision. He claims to have recently filed a petition for post-conviction in Oregon's state courts relief which has not yet been ruled on by the post-conviction trial court. Petitioner must fairly present his claims to Oregon's state courts before raising his challenge in a federal habeas corpus proceeding. See Rose v. Lundy, 455 U.S. 509, 519 (1982). Accordingly, any challenge to a parole decision is premature.

## CONCLUSION

For the reasons identified above, this case is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this _28_ day of July, 2005.

Owen M. Panner
United States District Judge